IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BRIAN KOPATZ | § | |
| v. | § | CIVIL ACTION NO. 5:22cv156 |
| JOHN DOE, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>

The Plaintiff Brian Kopatz, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff has filed a motion for a preliminary injunction concerning events at the Connolly Unit, which is located in Kenedy, Karnes County, Texas. He asks that the Court order that he receive medical attention for scabies or bug bites.

Plaintiff has not shown entitlement to injunctive relief. Under the Prison Litigation Reform Act, 18 U.S.C. §3626(a), prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and the court shall not grant or approve any prospective relief, including preliminary injunctive relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right. The court is required to give "substantial weight" to any adverse impact on public safety or the operation of a criminal justice system caused by the

preliminary relief.

The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Furthermore, the injury in question must be imminent and cannot be speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *Watson v. FEMA*, 437 F.Supp.2d 638, 648 (S.D. Tex. 2006).

Plaintiff has not shown a substantial likelihood of prevailing on the merits of his claim nor a substantial threat of irreparable injury in either of his motions for injunctive relief. His self-diagnosis of his medical condition cannot carry his burden of persuasion as to all of the elements required for injunctive relief. *See, e.g.*, *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion); *McClure v. Foster*, civil action no. 5:10cv78, 2011 WL 665819 (E.D. Tex. 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 15437, 2011 WL 941442 (E.D. Tex. 2011), *aff'd* 465 F.App'x 373 (5th Cir. 2012) (same).

In *Zuniga v. University Health System*, 71 F.App'x 293, 294 (5th Cir. 2003), the prisoner filed a motion for preliminary injunctive relief seeking an order for orthopedic shoes, but the district court denied relief. On appeal, the Fifth Circuit stated as follows:

> The district court noted that Zuniga had submitted no medical opinion showing that he would suffer irreparable harm if he were not given orthopedic shoes. Zuniga's conclusional allegation of irreparable harm is insufficient to show that the district court abused its discretion in denying injunctive relief.

Like Zuniga, Plaintiff has submitted no medical opinion showing he will suffer irreparable harm if his requested injunctive relief is not granted. The federal courts are reluctant to second-guess medical judgments made by physicians and other medical professionals. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Parham v. Johnson*, 126 F.3d 454, 458 (3rd Cir. 1997) (federal courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment). Similarly, the federal courts, lacking medical expertise, are reluctant to step in and prescribe a course of treatment for a prisoner.

Nor has Plaintiff shown that his requested injunctive relief will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies. The Supreme Court has stated correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, federal courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

The Court cannot order that the medical personnel agree with Plaintiff's diagnosis or that they be required to provide him with the treatment he believes appropriate. Plaintiff has not justified such a level of federal court interference with prison operations or the second-guessing of medical personnel. His request for injunctive relief cannot be granted.[1]

---

[1] As explained above, Plaintiff has not met the prerequisites for a preliminary injunction or temporary restraining order. In addition, none of the claims raised in the motion for injunctive relief are related to the claims forming the basis of the present lawsuit. Only one of the Defendants in this suit is associated with the Connolly Unit – the unknown classification chief and the practice manager, Debra Gloor. Thus, the injunction would be against the two Defendants in this case and prison officials at the Connolly Unit. *See Waffenschmidt v. Mackay*, 763 F.2d 711, 717 (5th Cir. 1985) ("An injunction binds not only the parties subject thereto, but also nonparties who act with the enjoined party."). Also, the Connolly Unit is outside of the territorial jurisdiction of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(5). Consequently, this

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for injunctive relief (Dkt. No. 17) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 31st day of January, 2024.

*[signature]*
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

---

Court lacks *in personam* jurisdiction over the individuals there. *Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985). This lack of in personam jurisdiction precludes the entry of an injunction against the officials at the Connolly Unit.