IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| BRIAN KOPATZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, ET AL.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Case No. 5:22-cv-156-RWS-JBB<br>§<br>§<br>§<br>§<br>§ |

## ORDER OF DISMISSAL

Plaintiff Brian Kopatz, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants in Plaintiff's second amended complaint are Texas Governor Gregg Abbott, TDCJ Executive Director Bryan Collier, the Director of the State Classification Committee in Huntsville, Connally Unit senior practice manager Debra Gloor, Lt. Brandi Curl of the Telford Unit, an unknown physician at the Telford Unit who was on duty on December 9, 2020, Health Services Division Director Dr. Lannette Linthicum, and an unknown classification officer at the Connally Unit. Docket No. 19.

In his second amended complaint, Plaintiff complains that the prison is overcrowded, disabled prisoners such as himself should have trade school opportunities, inmates should be able to choose their own cellmates or be single celled, the State Classification Committee has a duty to classify him as suffering from autism and dyslexia and to ensure that he has the opportunity for trade school, and Dr. Linthicum has made policies denying him medical treatment. *See id.* Plaintiff also says that Gloor has not used her position to ensure that he receives medical care, and the Unit

Classification Committee at the Connally Unit forces him into cells with drug users and does not follow rules concerning disease control and prevention. At the Telford Unit, Plaintiff says that on December 9, 2020, his cellmate tried to kill him with a fan motor and Captain Curl took him to the medical department, but she did not take him to a free world hospital, nor did she drug test the cellmate or investigate the cell as a crime scene. *Id* . The physician on duty also did not order him sent to a "free world" hospital. *Id.*

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Docket No. 21. The Magistrate Judge observed that Plaintiff's disagreement with the decision not to send him to a free world hospital did not rise to the level of deliberate indifference and that the failure to test his cellmate for drugs or investigate his cell as a crime scene did not implicate any constitutionally protected rights. *Id.* at 6–7. The Magistrate Judge also determined that Plaintiff failed to allege any personal involvement on the part of Governor Abbott or Executive Director Collier (*id.* at 8–10), the claims of understaffing and lack of trade school opportunities did not state a claim upon which relief may be granted (*id.* at 9), Plaintiff failed to identify any specific policies which allegedly resulted in a constitutional violation (*id.* at 12), and Plaintiff's claims concerning the Connally Unit should be severed and transferred to the Western District of Texas (*id.* at 13). TDCJ records show that Plaintiff is currently housed at the Connally Unit.

In his objections, Plaintiff asks to be allowed to amend the complaint yet again. Docket No. 32. Plaintiff represents that there have been subsequent incidents involving his roommate using drugs and he says that his proposed third amended complaint will drop the Telford Unit defendants so the case will not be transferred back to "this division." *Id.* at 1. Plaintiff also says he is willing to drop his request for monetary damages. *Id.* at 2. He asks that the Court grant his requests for

counsel and for injunctive relief. *Id.* at 2.

Plaintiff's objections focus on Connally Unit Defendants and do not address the Magistrate Judge's recommendations of dismissal of all defendants *other* than those at the Connally Unit. *See id.* In fact, Plaintiff's willingness to dismiss the Defendants at the Telford Unit is consistent with the Magistrate Judge's recommendation. Accordingly, his requests to amend his complaint, for counsel, and for injunctive relief are better addressed to the Western District of Texas following the transfer of his claims there.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the **Defendants Debra Gloor and the unknown classification chief at the Connally Unit** are **SEVERED** from this lawsuit and **TRANSFERRED** forthwith to the United States District Court for the Western District of Texas, San Antonio Division, for such other and further proceedings as that court may deem appropriate. It is further

**ORDERED** that all other claims and defendants in this lawsuit are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 12th day of April, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE